FILED

AUG 2 1 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brazos Europe, Inc.<br>1133 Connecticut Avenue, Suite 800<br>Washington, DC 20036 )<br><br>Plaintiff, )<br><br>v. )<br><br>Capital Resource Group, LLC<br>P.O. Box 457<br>231 Harrington Drive<br>Long Lake, MN 55356, )<br><br>David F. Bunting<br>P.O. Box 1359<br>Center Harbor, NH 03226, )<br><br>Timothy W. Cunningham<br>175 Strafford Avenue<br>Executive Commons Bldg #4, Suite 1<br>Wayne, PA 19087, )<br><br>Jacques T.L. Delacave<br>56N Warwick Square<br>London, UK SW1V2AJ, )<br><br>Herbert A. Denton<br>730 Fifth Avenue, Suite 2101<br>New York, NY 10019, )<br><br>David I. Faust<br>4 Country Club Drive<br>Larchmont, NY 10538, )| Civ. No. _____<br><br>JURY DEMAND<br><br><br>CASE NUMBER  1:03CV01776<br><br>JUDGE: Royce C. Lamberth<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 08/21/2003<br><br>JURY ACTION |

1

Ralph J. Gotto                                    )
13321 Commonwealth Drive                          )
Burnsville, MN 55337,                             )
                                                  )
                                                  )
Peter G. Imperiale                                )
251 East 51st Street, Apt. 9J                     )
New York, NY 10022,                               )
                                                  )
                                                  )
John M. James                                     )
5469 Highway 12, P.O. Box 429                     )
Maple Plain, MN 55359                             )
                                                  )
                                                  )
Steven J. Keough                                  )
4000 Pillsbury Center                             )
Minneapolis, MN 55402,                            )
                                                  )
                                                  )
Michael A. Lindberg                               )
125 Strafford Avenue, Suite 300                   )
Wayne, PA 19087,                                  )
                                                  )
                                                  )
A. Emerson Martin, II                             )
3 Wahackme Lane                                   )
New Canaan, CT 06840,                             )
                                                  )
                                                  )
Gerard E. Munera                                  )
19 Cobb Island Drive                              )
Greenwich, CT 06830,                              )
                                                  )
                                                  )
Pierre de Ravel l'Esclapon                        )
135 Meetinghouse Lane                             )
Amaganaett, NY 11930,                             )
                                                  )
                                                  )
Merlin D. Schulze                                 )
38 Old Rock Lane                                  )
New Canaan, CT 06840,                             )
                                                  )

| | |
|---|---|
| **Richard M. Scorza** | ) |
| **7313 Shey Drive** | ) |
| **Edina, MN 55439** | ) |
| | ) |
| | ) |
| **Gregg M. Solomon** | ) |
| **250 W 88th Street, #807** | ) |
| **New York, NY 10024,** | ) |
| | ) |
| | ) |
| **Gary R. Vibbard** | ) |
| **P.O. Box 220** | ) |
| **Long Lake, MN 55356,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

Plaintiff Brazos Europe, Inc. ("BEI") complains of Defendants Capital

Resource Group, LLC ("CRG"), David F. Bunting ("Bunting"), Timothy W.

Cunningham ("Cunningham"), Jacques T.L. Delacave ("Delacave"), Herbert A.

Denton ("Denton"), David I. Faust ("Faust"), Ralph J. Gotto ("Gotto"), Peter G.

Imperiale ("Imperiale"), John M. James ("James"), Steven J. Keough ("Keough"),

Michael A. Lindberg ("Lindberg"), A. Emerson Martin, II ("Martin"), Gerard E.

Munera ("Munera"), Pierre de Ravel l'Esclapon ("l'Esclapon"), Merlin D. Schulze

("Schulze"), Richard M. Scorza ("Scorza"), Gregg M. Solomon ("Solomon"), and Gary

R. Vibbard ("Vibbard") as follows:

## **PARTIES**

1.    Plaintiff BEI is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1133 Connecticut Avenue, NW, Washington, DC 20036.

2.    Defendant CRG is a business that at all times relevant hereto maintained its principal place of business at 231 Harrington Drive, Long Lake, MN 55356.

3.    Defendant David F. Bunting is a Partner in CRG, and, on information and belief, is a resident of the State of New Hampshire.

4.    Defendant Timothy W. Cunningham is a Partner in CRG, and, on information and belief, is a resident of the State of Pennsylvania.

5.    Defendant Jacques T.L. Delacave is a Joint Venture Partner in CRG, and, on information and belief, is a resident of London in the United Kingdom.

6.    Defendant Herbert A. Denton is a Joint Venture Partner in CRG, and, on information and belief, is a resident of the State of New York.

7.    Defendant David I. Faust is a Joint Venture Partner in CRG, and, on information and belief, is a resident of the State of New York.

8.    Defendant Ralph J. Gotto is a Partner in CRG, and, on information and belief, is a resident of the State of Minnesota.

9.    Defendant Peter G. Imperiale is a Joint Venture Partner in CRG, and, on information and belief, is a resident of the State of New York.

4

10.     Defendant John M. James is a Joint Venture Partner in CRG, and, on information and belief, is a resident of the State of Minnesota.

11.     Defendant Steven J. Keough is a Joint Venture Partner in CRG, and, on information and belief, is a resident of the State of Minnesota.

12.     Defendant Michael A. Lindberg is a Joint Venture Partner in CRG, and, on information and belief, is a resident of the State of Pennsylvania.

13.     Defendant A. Emerson Martin, II is a Partner in CRG, and, on information and belief, is a resident of the State of Connecticut.

14.     Defendant Gerard E. Munera is a Joint Venture Partner in CRG, and, on information and belief, is a resident of the State of Connecticut.

15.     Defendant Pierre de Ravel l'Esclapon is a Joint Venture Partner in CRG, and, on information and belief, is a resident of the State of New York.

16.     Defendant Merlin D. Schulze is a Partner in CRG, and, on information and belief, is a resident of the State of Connecticut.

17.     Defendant Richard M. Scorza is a Partner in CRG, and, on information and belief, is a resident of the State of Minnesota.

18.     Defendant Gregg M. Solomon is a Partner in CRG, and, on information and belief, is a resident of the State of New York.

19.     Defendant Gary R. Vibbard is a Partner in CRG, and, on information and belief, is a resident of the State of Minnesota.

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the parties are citizens of different states.

21.    Venue is proper and appropriate because Plaintiff BEI is located within this district.

## BACKGROUND

22.    Plaintiff BEI engages in private-equity transactions involving primarily European-based companies.

23.    Defendant CRG purports to be, or to have been, in the business of providing corporate advisory services in the areas of strategic, operational, and financial assistance.  These services include advising companies on securing equity and debt financing by: developing plans for approaching potential sources of capital; helping to prepare materials relating to a financing opportunity; identifying and qualifying potential investors; and structuring and negotiating the terms of investment.

24.    Defendants Delacave, Denton, Faust, Imperiale, James, Keough, Lindberg, Munera, and l'Esclapon are or have been Joint Venture Partners ("JVPs") in CRG.  Defendants Bunting, Cunningham, Gotto, Martin, Schulze, Scorza, Solomon, and Vibbard are or have been Partners ("Partners") in CRG.  The JVPs and Partners will be referred to collectively as the Individual Defendants.

25.    In late 2001, CRG approached BEI about retaining CRG's

services in support of BEI's efforts to raise capital for a securities-investment fund.

26.    In both its written business plan provided to BEI, as well as in

oral statements, CRG represented that it had several senior business professionals,

who were identified to BEI as Partners and JVPs, who were actively involved in

CRG's operations.  CRG further represented that these Partners and JVPs were

equity partners in CRG who provided ongoing advice and assistance to CRG and its

clients based on their valuable experience and connections across numerous

industries and geographic areas.

27.    As of January 18, 2002, BEI and CRG entered into a Consulting

Services Agreement ("Agreement"), a copy of which is attached as Exhibit A.

28.    As part of the Agreement, CRG agreed to provide strategic,

operational, structuring, and financial consulting to BEI in its efforts to secure

approximately $250 million of capital for a securities-investment fund ("First

Fund").

29.    To this end, CRG agreed to:

•    Assemble a list of potential eligible investor candidates

with their e-mail and mailing addresses, organized according to priority and

probability of closing, including creating a databank suitable for mailing purposes

and specifically for an initial fourth quarter 2002 mailing;

•    Prepare a one-page Summary/Talk Sheet to present to

eligible investors;

7

- Prepare a PowerPoint presentation suitable for use in making presentations to prospective investors;

- Identify and complete Hold-in-Reserve materials describing positive developments or updates to use in ongoing disclosures to potential investors during the fundraising process;

- Identify and help to act upon the compelling events that will assist in confirming and solidifying investors' decisions to invest; and

- Support BEI with advice and assistance as appropriate throughout the negotiation and closing process.

30.     Pursuant to the Agreement, CRG was given the exclusive right to provide the aforementioned services for BEI's First Fund.

31.     In return for these services, BEI agreed to pay CRG 12.5 percent of all management and performance fees, allocations, and capital appreciation from any funds under BEI management, as well as 12.5 percent of any back-end compensation of the funds subject to the Agreement.

32.     The parties further agreed that BEI would purchase $750,000 of debt as part of CRG's so-called $3 million Stage One financing.

33.     The parties further agreed that BEI would have a put ("Put") on the debt securities it purchased in the Stage One financing.

34.     Simultaneously with BEI's investment, CRG became obligated by the Agreement to fund BEI's Put by placing $375,000 into an escrow account.

35.     Pursuant to the Agreement, BEI could exercise the Put if:
a) CRG's net cash balances fell below $1 million at any time after February 15,
2002; b) CRG failed to pre-qualify the required minimum investment balance for
BEI by March 31, 2002; c) CRG failed to raise a minimum $50 million for BEI by
August 15, 2002; **or** d) CRG failed to raise a minimum $200 million for BEI by
December 15, 2002.

36.     Addendum One to the Agreement, attached hereto as Exhibit B,
required CRG to notify BEI upon the occurrence of any of the conditions set forth
in Paragraph 35, supra.

37.     On or about December 26, 2001, and in accordance with the
terms of the Agreement, BEI wired, or caused to be wired, $757,500 to CRG. The
wired funds included $750,000 for the Stage One financing and $7,500 for warrants
in CRG.

38.     In order to induce BEI's participation in the Stage One
financing, CRG represented, in both the offering materials used to solicit funds and
in oral statements, that all of the JVPs had invested in CRG. On information and
belief, this representation was false.

39.     CRG also represented in advance of BEI's purchase of Stage One
securities that it had several exclusive engagement agreements to raise at least
$735 million of capital for parties other than BEI. On information and belief, this
representation was false.

40.    On information and belief, CRG did not inform BEI in advance of its purchase of Stage One securities that CRG had failed to pay the Internal Revenue Service several hundred thousand dollars of withheld taxes.

41.    On information and belief, CRG established an escrow account at Anchor Bank, and deposited $375,000 into that account, for the purpose of complying with the Agreement's requirement of creating and maintaining a separate account to fund BEI's Put.

42.    On information and belief, the money placed into the escrow account has been withdrawn, contrary to the terms of the Agreement, and no funds remain in the account.

43.    In response to several specific inquiries from BEI, CRG represented, on several occasions, that it was in full compliance with its covenants, and that none of the four conditions set forth in Paragraph 35, supra, had occurred, such that BEI could exercise its Put.

44.    On information and belief, these representations were false and misleading. Further, on information and belief, all four of the conditions listed in Paragraph 35, supra, have occurred. CRG has never provided notice of such occurrence as required by Addendum One to the Agreement.

45.    On April 21, 2003, in accordance with Addendum One to the Agreement, BEI notified CRG that it intends to exercise its Put. CRG has failed to respond to BEI's notice, and has not transmitted the funds to satisfy BEI's exercise of the Put.

46.    On information and belief, CRG is no longer an operating entity.

47.    In late 2002, BEI was contacted by TAGM Partners, LLC, a limited liability company registered in Delaware that purports to have the same organizational structure as CRG and to provide similar, if not identical, advisory services as those offered by CRG.

## COUNT I

### (Securities Fraud:  Violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b5, 17 C.F.R. § 240.10b-5)

### (Against Defendants CRG, Delacave, Gotto, Imperiale, James, Keough, Lindberg, Schulze, Scorza, and Vibbard)

48.    Plaintiff repeats and re-alleges paragraphs 1-47 as if fully set forth herein.

49.    In connection with the issuance, offering, and sale of the CRG Stage One financing, CRG used means or instrumentalities of transportation or communication in interstate commerce or of the mails, including by sending through the mails offering materials, prospectuses, and other written documents concerning the Stage One financing.

50.    These offering materials, prospectuses, and other written documents contained untrue statements of material fact and/or omitted to state material facts necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading, including those set forth in Paragraphs 38-40, supra.  CRG also made untrue statements of material

11

fact and/or omitted to state material facts in oral communications concerning the
Stage One financing.

51.    BEI did not have knowledge of the untrue statements and
omissions at the time it purchased securities in the Stage One financing.

52.    BEI has suffered damages as a result of CRG's violation of
Section 10b of the Securities Exchange Act of 1934 and Rule 10b5.

## COUNT II

### (Securities Fraud: Violation of Section 12 of the Securities Act of 1933, 15 U.S.C. § 77l)

### (Against Defendants CRG, Delacave, Gotto, Imperiale, James, Keough, Lindberg, Schulze, Scorza, and Vibbard)

53.    Plaintiff repeats and re-alleges paragraphs 1-52 as if fully set
forth herein.

54.    In connection with the issuance, offering, and sale of the CRG
Stage One financing, CRG used means or instrumentalities of transportation or
communication in interstate commerce or of the mails, including by sending
through the mails offering materials, prospectuses, and other written documents
concerning the Stage One financing.

55.    These offering materials, prospectuses, and other written
documents contained untrue statements of material fact and/or omitted to state
material facts necessary in order to make the statements, in the light of the
circumstances under which they were made, not misleading, including those set

12

forth in Paragraphs 38-40, supra. CRG also made untrue statements of material

fact and/or omitted to state material facts in oral communications concerning the

Stage One financing.

56.    BEI specifically relied on the untrue statements made in both

the written offering materials as well as in oral communications.

57.    BEI did not have knowledge of the untrue statements and

omissions at the time it purchased securities in the Stage One financing.

58.    BEI is entitled to rescission of its purchase of Stage One

financing as a result of CRG's violation of Section 12 of the Securities Act of 1933.


## COUNT III

### (Securities Fraud: Violation of D.C. Code § 31-5606.05)

**(Against Defendants CRG, Delacave, Gotto, Imperiale, James, Keough, Lindberg, Schulze, Scorza, and Vibbard)**

59.    Plaintiff repeats and re-alleges paragraphs 1-58 as if fully set

forth herein.

60.    In connection with the issuance, offer, and sale of the CRG Stage

One Financing, CRG prepared and distributed offering materials that purported to

describe material facts regarding CRG, the offered securities, and the terms of their

distribution.

61.    The offering materials were received by BEI in the District of

Columbia.

13

62.    The offering materials constituted an offer to sell securities in the District of Columbia.

63.    BEI's purchase of securities in the Stage One Financing constituted a sale of securities in the District of Columbia.

64.    CRG included material untrue statements in the offering materials, and omitted facts necessary in order to make statements in the offering materials, in the light of the circumstances under which they were made, not misleading.

65.    The foregoing untrue statements and omissions of material facts in the offering materials were made in the course of the issuance of and offer to sell securities by CRG.

66.    At the time of the Stage One Financing, BEI did not know of the untruths and omissions of material fact in the offering materials.

67.    BEI is entitled to rescission of its purchase of Stage One financing as a result of CRG's violation of D.C. Code § 31-5606.05.


## COUNT IV

### (Unjust Enrichment)

**(Against Defendants CRG, Delacave, Gotto, Imperiale, James, Keough, Lindberg, Schulze, Scorza, and Vibbard)**

68.    Plaintiff repeats and re-alleges paragraphs 1-67 as if fully set forth herein.

69.     BEI conferred a benefit on CRG and the Individual Defendants when it wired, or caused to be wired, $757,500 to CRG.

70.     CRG and the Individual Defendants have unjustly retained this benefit, which in justice and equity belongs to BEI, and which therefore should be returned to BEI.

## COUNT V

## (Breach of Contract)

## (Against All Defendants)

71.     Plaintiff repeats and re-alleges paragraphs 1-70 as if fully set forth herein.

72.     The Agreement constituted a valid, enforceable contract for which due consideration was exchanged.

73.     CRG breached the Agreement by failing to place and maintain $375,000 in an escrow account to fund BEI's Put.

74.     CRG further breached the Agreement by failing to notify BEI that the conditions set forth in Paragraph 35, supra, had occurred, and by affirmatively stating, in response to BEI's specific inquiries, that none of the conditions had occurred.

75.     CRG further breached the Agreement by failing to honor BEI's Put when BEI notified CRG of its intention to exercise the Put.

76.     BEI has suffered damages as a result of CRG's breach of the

Agreement.

## COUNT VI

### (Conversion)

### (Against All Defendants)

77.     Plaintiff repeats and re-alleges paragraphs 1-76 as if fully set

forth herein.

78.     BEI provided $375,000 to CRG, which was to remain in an

escrow account as the property of BEI.

79.     CRG's dissipation of those funds constitutes an unlawful

exercise of ownership, dominion, or control over BEI's property.

80.     CRG has refused to return BEI's property.

81.     BEI has and continues to have a legally cognizable pecuniary

interest in the aforementioned funds.

82.     The acts and omissions on the part of CRG and the Individual

Defendants constitute conversion.

83.     In committing these acts of conversion, Defendants acted with

intent to injure, ill will, and actual malice, and BEI has suffered damages as a

result of these actions.

## COUNT VII

### (Negligent Misrepresentation)

### (Against Defendants CRG, Delacave, Gotto, Imperiale, James, Keough, Lindberg, Schulze, Scorza, and Vibbard)

84.    Plaintiff repeats and re-alleges paragraphs 1-83 as if fully set forth herein.

85.    In soliciting BEI to purchase securities as part of the Stage One offering, CRG led BEI to believe: 1) that all of its JVPs had invested in CRG; and 2) that it had several exclusive engagement agreements to raise at least $735 million of capital for parties other than BEI.  Further, CRG represented that it intended to create and maintain a separate account with $375,000 to fund BEI's Put for its Stage One securities.

86.    CRG and the Individual Defendants knew or should have known whether all of its JVPs had invested in CRG, and whether it had exclusive engagement agreements to raise at least $735 million of capital for parties other than BEI.  CRG and the Individual Defendants also knew or should have known whether CRG was maintaining a separate bank account with $375,000 to fund BEI's Put.

87.    On information and belief, in soliciting BEI to purchase securities as part of its Stage One offering, CRG failed to disclose that it owed the Internal Revenue Service several hundred thousand dollars of withheld taxes.

17

88.     CRG and the Individual Defendants knew or should have known whether it owed such money to the IRS.

89.     The foregoing misrepresentations and material omissions were, at a minimum, negligently made.

90.     CRG and the Individual Defendants owed a duty of care to BEI, which duty included the obligation to transmit or otherwise make available accurate information.

91.     The statements made or omitted by CRG were made with the intention that BEI act and rely upon them, and CRG and the Individual Defendants knew or should have known that Plaintiff would rely, and was in fact relying, upon the negligent statements and omissions.

92.     BEI acted in justifiable reliance on the negligent misrepresentations and omissions in participating in the Stage One offering.

93.     BEI has suffered damages as a result of its reliance on CRG's and the Individual Defendants' negligent misrepresentations and omissions.

## COUNT VIII

### (Constructive Fraud)

**(Against Defendants CRG, Delacave, Gotto, Imperiale, James, Keough, Lindberg, Schulze, Scorza, and Vibbard)**

94.     Plaintiff repeats and re-alleges paragraphs 1-93 as if fully set forth herein.

95.    In soliciting BEI to purchase securities in the Stage One offering, CRG falsely represented numerous material facts, including that all of its JVPs had invested in CRG and that it had five exclusive engagement agreements to raise $735 million of capital.

96.    CRG and the Individual Defendants were in a position to know whether all of the JVPs had invested in CRG, and whether CRG had exclusive engagement agreements to raise at least $735 million of capital for parties other than BEI.  As a result, on information and belief, CRG's representations were made with knowledge of their falsity.

97.    On information and belief, in soliciting BEI to purchase securities in the Stage One offering, CRG also failed to disclose that it owed the Internal Revenue Service several hundred thousand dollars of withheld taxes.

98.    CRG and the Individual Defendants were in a position to know whether CRG owed such money to the IRS.  As a result, on information and belief, CRG's omission was made knowingly.

99.    These misrepresentations and omissions were made with the intent to deceive BEI so that BEI would participate in the Stage One offering.

100.    BEI specifically relied on CRG's representations in participating in the Stage One offering.

101.    BEI has suffered damages as a result of its reliance on CRG's and the Individual Defendants' false representations and material omissions.

## PRAYER FOR RELIEF

WHEREFORE, BEI respectfully requests judgment be entered in its

favor, and against CRG and the Individual Defendants, for:

(a)   Compensatory damages in an amount to be determined at trial,

but believed to be in excess of $757,500.

(b)   Rescissory damages in an amount not to be less than $757,500;

(c)   All costs of suit;

(d)   Attorneys fees;

(e)   Pre- and post-judgment interest; and

(f)   Such other relief that the Court deems just and proper.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Jonathan M. Landy, Bar No. 467847
Wade L. Weems

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Attorneys for Brazos Europe, Inc.

Dated:  August 20, 2003